UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN DIAZ, JR.,

       Plaintiff,                          CIVIL ACTION NO.
                                                         16-11894-MPK

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTION, ET AL.,

       Defendants.

ORDER FOR REASSIGNMENT TO A DISTRICT
JUDGE AND REPORT AND RECOMMENDATION

KELLEY, M.J.

**I.    Background**

    A.    Procedural Background

On September 22, 2016, plaintiff Juan Diaz, Jr., a Massachusetts prisoner currently serving a life sentence at the United States Penitentiary (USP) in Coleman, Florida (pursuant to a contract program between Massachusetts and the Federal Bureau of Prisons (BOP)), filed a *pro se* complaint against the Massachusetts Department of Correction (DOC) and a number of its employees.[1] Diaz alleged that the defendants denied him access to the courts by failing to provide him state legal materials that he requested and needed in order to challenge his Massachusetts conviction.

On November 22, 2016, this Court issued a Memorandum and Order (#7) allowing Diaz's Motion for Leave to Proceed *in forma pauperis* and directing Diaz to file an amended complaint by January 4, 2017. The Court outlined the problems with the original complaint. First, it was not clear whether Diaz sought to reassert claims that had been raised in his prior closed civil actions. *See Diaz v. Spencer, et al.*, Civil Action No. 12-12154-DPW (alleging

---

[1] These included: (1) Thomas Turco, current Commissioner of the DOC; (2) Carol Mici, Assistant Deputy Commissioner of the DOC; and (3) Douglas Cabral, Manager of the County, Federal and Interstate Compact Unit Classification Division. In the body of the complaint Diaz named a fifth defendant, Carol Higgins O'Brien, Commissioner of the DOC at the time of the alleged violations. In an attachment, he named Christopher Fallon, Director of Communications for the DOC, as the sixth and final defendant.

deliberate indifference to a serious medical need) and *Diaz v. Spencer, et al.*, Civil Action No. 13-10994-DPW (alleging denial of access to the court due to lack of state legal materials). Second, the sum total of the defendants was not clear given the discrepancies in identifying the defendants in the caption, the body of the complaint, and the attachment.  Third, Diaz asserted amorphous claims against certain defendants (Mici, O'Brien, and Fallon) for the failure to train and supervise their subordinates, without any underlying facts in support, and thus failed to state plausible claims under Rule 8 of the Federal Rules of Civil Procedure.  Fourth, Diaz alleged that he was entitled to good time credits for programming work while in BOP custody, and that his Second Amendment right to bear arms had been violated, claims which also did not comport with Rule 8.  Fifth, Diaz's allegations of liability of the DOC were not plausible, because: (1) Eleventh Amendment sovereign immunity barred Diaz's claims for monetary damages; and (2) the DOC was not liable under 42 U.S.C. § 1983 under a theory of *respondeat superior.*

Finally, this Court attached to the Memorandum and Order a template chart to assist Diaz in formulating his causes of action against each defendant so as to comply with Rule 8.

On January 3, 2017, Diaz filed an amended complaint (#11).

B.      Allegations in the Amended Complaint

The amended complaint is not set forth on the template chart, nor does it contain separate paragraphs and brief statements of the claims against each defendant separately, as required by Rule 8.  Moreover, the amended complaint incorporates legal argument.  Nevertheless, from what can be discerned, Diaz has limited his claims to § 1983 civil rights claims based on the denial of access to the Court, because of the refusal of the defendants to provide legal materials so that he may challenge his conviction based on ineffective assistance of counsel.  He contends that he needed the legal materials so he could make an informed decision on what challenges to assert on appeal, and absent such materials, he had to rely on his counsel to make arguments that

ultimately were rejected.[2]

In the amended complaint, Diaz now names as defendants: (1) Thomas Turco; (2) Carol Mici; (3) Douglas Cabral; (4) Carol Higgins-O'Brien; and (5) Christopher Fallon. He asserts these defendants had knowledge of his request and were deliberately indifferent to his constitutional rights.

As relief, Diaz seeks $1 million for every year he was denied the right to access the courts. He also seeks to have any procedural default excused in order to litigate his challenges to his conviction, and further seeks an injunction to prison officials to ensure he receives legal materials while he is housed by the BOP pursuant to the interstate compact, or else he seeks an order for transfer to a Massachusetts state prison.

## II.    Discussion

Although the amended complaint is not pristine, this Court construes it to present issues solely relating to Diaz's "access to the courts" claims. In light of this, Diaz's other claims in the original complaint (*i.e.*, Second Amendment claims, good time credit claims, claims against the DOC based on *respondeat superior* liability, and, if any, deliberate indifference to a serious medical need) should be deemed to have been WITHDRAWN by Diaz and that the amended complaint constitute the operative pleading in this action. The Court also considers that summonses should issue with respect to the individuals identified as defendants in the amended complaint.

Accordingly, because the parties have not consented to proceed before a Magistrate Judge at this time, the Court will order that this action be REASSIGNED to a District Judge for further proceedings, and makes RECOMMENDATIONS to the District Judge to whom the case is assigned, as set forth below.

---

[2] In addition to seeking state procedural rules and other legal materials, it appears Diaz also sought legal assistance in determining what legal materials would be relevant to his challenge to his criminal conviction.

### III. Order and Recommendation

It is Ordered that this action be REASSIGNED to a District Judge.

It is RECOMMENDED to the District Judge to whom the case is assigned that the following Orders enter:

1. The amended complaint (#11) supersedes the original and is the operative pleading in this action;

2. This action is limited solely to claims alleging denial of access to the courts by the alleged refusal to provide plaintiff with requested legal materials in order to challenge his conviction; all other claims contained in the original complaint are deemed to be WITHDRAWN;

3. The clerk shall terminate the Massachusetts Department of Correction as a party to this action;

4. The clerk shall issue summonses to: (1) Thomas Turco; (2) Carol Mici; (3) Douglas Cabral; (4) Carol Higgins-O'Brien; and (5) Christopher Fallon;

5. The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summons, the amended complaint, the consent package, and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service;

6. Notwithstanding the directive to the United States Marshal Service, it is the plaintiff's responsibility to provide all the necessary paperwork and information required by the United States Marshal Service; and

7. The plaintiff shall have 90 days from the date of issuance of the summonses to complete service.

### IV. Notice of Right to Object to The Report and Recommendation

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. See Rule 72(b), Fed. R. Civ. P. The written objection(s) must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72.

Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See

Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

SO ORDERED.

/s/ M. Page Kelley
M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

DATED: January 17, 2017