UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN DIAZ, JR.,

       Plaintiff,                              CIVIL ACTION NO.
                                                        16-11894-LTS

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTION, ET AL.,

       Defendants.

REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO ADD DEFENDANTS (# 24)

KELLEY, M.J.

**I.    Background**

On September 22, 2016, plaintiff Juan Diaz, Jr., a Massachusetts prisoner currently serving a life sentence at the United States Penitentiary (USP) in Coleman, Florida filed a *pro se* complaint against the Massachusetts Department of Correction (DOC) and a number of its employees alleging that the defendants denied him access to the courts by failing to provide him state legal materials needed to challenge his conviction.[1] On November 22, 2016, this Court issued a Memorandum and Order (#7) outlining the various legal impediments to the complaint and directing him to file an amended complaint. On January 3, 2017, Diaz filed an amended complaint (#11) naming as defendants: (1) Thomas Turco; (2) Carol Mici; (3) Douglas Cabral; (4) Carol Higgins-O'Brien; and (5) Christopher Fallon.

On February 2, 2017 summonses issued as to these defendants. To date, plaintiff has not effected service of process on the defendant. On February 14, 2017, this Court advised plaintiff that the deadline to serve process was May 3, 2017. See Electronic Order (#23).

On February 27, 2017, plaintiff filed motion entitled "Motion to Add Defendants That As

---

[1] These included: (1) Thomas Turco, current Commissioner of the DOC; (2) Carol Mici, Assistant Deputy Commissioner of the DOC; and (3) Douglas Cabral, Manager of the County, Federal and Interstate Compact Unit Classification Division. In the body of the complaint Diaz named a fifth defendant, Carol Higgins O'Brien, Commissioner of the DOC at the time of the alleged violations. In an attachment, he named Christopher Fallon, Director of Communications for the DOC, as the sixth and final defendant.

Well Hold Responsibility to Denying Plaintiff Due Process" (#24).  In that motion, he seeks to add three additional defendants who were formerly employees of the DOC: (1) Harold W. Clarke; (2) Peter St. Amand; and (3) Luis S. Spencer.  Plaintiff alleges these defendants were included in a previously-filed complaint but "due to some misunderstandings on the court['s] behalf, the plaintiff and the court's communication was not intact and that complaint was dismissed but . . . [these defendants] commenced the violation of due process should be added as well [sic]."

**II.     Discussion**

As an initial matter, this Court construes plaintiff's motion as his proposed second Amended Complaint.  Based on plaintiff's reference to prior litigation, it appears that he is now seeking to reinstate defendants that were parties in two, closed civil actions in this Court.  See Diaz v. Spencer, et al., Civil Action No. 12-12154-DPW and Diaz v. Spencer, et al., Civil Action No. 13-10994-DPW.  As this Court noted in the prior Memorandum and Order (#7), plaintiff's original complaint was unclear with respect to the sum total of the defendants, and thus he was afforded an opportunity to amend his complaint in order to clarify which defendants should be included in this action.  At that time, he did not include the three proposed defendants in his amended complaint.  Thus, plaintiff's claim of misunderstanding is not credited.  In any event, there simply is no basis to permit any further amendments to the amended complaint to add additional defendants.  This is particularly true where plaintiff presents only amorphous allegations of due process violations by these defendants without any underlying factual support.  This Court previously advised plaintiff about the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and the proposed second amended complaint does not comport with Rule 8(a).  Although Rule 15(a)(2) of the Federal Rules of Civil Procedure indicates that leave to amend a pleading should be freely given when justice so requires, given plaintiff's litigation history, justice does not require giving leave to plaintiff under these circumstances.

**III.     Recommendation to Judge Sorokin**

For the foregoing reasons, this Court <u>RECOMMENDS</u> to Judge Sorokin that plaintiff's "Motion to Add Defendants That As Well Hold Responsibility to Denying Plaintiff Due Process" (#24) be <u>DENIED</u> without prejudice to renew a motion to second amend after the defendants have appeared in this action, provided that he also file a comprehensive proposed second amended complaint containing all of plaintiff's claims against all defendants in accordance with Rule 8(a) and District Court Local Rule 15.1(b).

**IV.     Notice of Right to Object to The Report and Recommendation**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  <u>See</u> Rule 72(b), Fed. R. Civ. P.  The written objection(s) must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.

Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See Phinney v. Wentworth Douglas Hospital</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir. 1993).

SO ORDERED.

                                                 /s/ Page Kelley
                                                M. PAGE KELLEY
                                                UNITED STATES MAGISTRATE JUDGE

DATED: March 7, 2017