UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN DIAZ, JR.,
        Plaintiff,

v.                                          CIVIL ACTION NO. 16-11894-LTS

MASSACHUSETTS DEPARTMENT
OF CORRECTION, *et al.*,
        Defendants.

REPORT AND RECOMMENDATION
ON DEFENDANT TURCO'S MOTION TO DISMISS (#39).

KELLEY, U.S.M.J.

I. Introduction.

On September 20, 2016, Juan Diaz, Jr. brought this action under 42 U.S.C. § 1983

alleging violation of his First and Fourteenth Amendment rights against defendants:

Massachusetts Department of Correction (DOC); Thomas Turco, current Commissioner of the

DOC; Carol Micci, Assistant Deputy Commissioner of the DOC; Douglas Cabral, Manager of

the County, Federal and Interstate Compact Unit Classification Division; Christopher Fallon,

Director of Communications for the DOC; and Carol Higgins O'Brien, former Commissioner of

the DOC. (#1.) On January 3, 2017, pursuant to this court's November 22, 2017 Order (#7),

plaintiff filed the operative amended complaint (#11).[1] Now before the court is defendant

---

[1] The district judge presiding over this matter adopted an earlier Report and Recommendation that "[t]his action [be] limited solely to claims alleging denial of access to the courts by the alleged refusal to provide

Turco's motion to dismiss the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (#39), to which plaintiff has responded in opposition (#41).[2]

## II. The Facts.

In early 2007, the Supreme Judicial Court of Massachusetts (SJC) affirmed plaintiff's conviction of first-degree murder, for which he is currently serving a life sentence without the possibility of parole. *Commonwealth v. Diaz*, 448 Mass. 286, 287 (2007). In accordance with a contract program between the DOC and the Federal Bureau of Prisons (FBOP), Diaz currently is confined in a federal penitentiary in Coleman, Florida. (#11 at 5.)

Plaintiff alleges that defendants violated his First and Fourteenth Amendment rights by denying him access to the courts when they refused to provide him with Massachusetts case law and legal materials necessary to litigate his conviction, despite his repeated requests, without an explanation for the refusal. *Id.* at 3-4. He complains he was subject to the decisions made by his appellate counsel, specifically, the decision to appeal directly his conviction on ineffective counsel grounds instead of moving for a new trial, and that the lack of Massachusetts legal materials prevented him from researching his own claims to present to his attorney. *Id.* at 4, 6. He alleges he would not have directly appealed his conviction if he had been provided with Massachusetts case law and that he wanted to raise a potential conflict of interest claim, but could not do so because the DOC did not provide him with Massachusetts legal materials. *Id.* at 5-6. In 2010, Diaz's appellate counsel filed an untimely petition to appeal which was denied. *Id.* at 4. Plaintiff contends that had he been provided with Massachusetts legal materials, he would

---

plaintiff with requested legal materials in order to challenge his conviction . . . ." (#12 at 4; #15 (adopting the Report and Recommendation).)

[2] Turco is the only defendant who was properly served in this action.

not have wasted his constitutional right to appeal on such a claim. *Id.* at 5. He alleges the DOC

was, and is, aware that the FBOP is not obligated to provide him with Massachusetts legal

materials, so defendants violated his constitutional right of access to the courts when they

refused his requests for them. *Id.* at 5.

III. <u>Standard of Review</u>.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a

claim. In deciding such a motion, a court must "'accept as true all well-pleaded facts set forth in

the complaint and draw all reasonable inferences therefrom in the pleader's favor.'" *Haley v.*

*City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharm., Inc.*, 637 F.3d

1, 5 (1st Cir. 2011)). When considering a motion to dismiss, a court "may augment these facts

and inferences with data points gleaned from documents incorporated by reference into the

complaint, matters of public record, and facts susceptible to judicial notice." *Haley*, 657 F.3d at

46 (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide

"enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's]

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 555 (quotation marks and alteration omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level,"

and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the

3

court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679.

IV. Discussion.

Section 1983 is a procedural mechanism through which constitutional and statutory rights are enforced. *Albright v. Oliver*, 510 U.S. 266 (1994).

> The legal framework pertaining to a section 1983 claim is well established. 'Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law.' *Redondo–Borges v. U.S. Dep't of HUD,* 421 F.3d 1, 7 (1st Cir. 2005) (quoting *Evans v. Avery,* 100 F.3d 1033, 1036 (1st Cir. 1996)). To make out a viable section 1983 claim, a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued.

*Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011).

The basis for plaintiff's § 1983 claim is that he was denied access to the courts due to defendants' refusal to provide him with Massachusetts legal materials while he was confined in an out-of-state prison. (#11 at 3.) He alleges he needed the legal materials to research bases on which to challenge his conviction and the lack of materials caused him to rely on his appellate counsel, who advanced arguments that were ultimately rejected. *Id.* at 4. Turco presents two arguments in his motion to dismiss: first, that plaintiff was not denied access to the courts because he had adequate access to legal counsel; and, second, plaintiff did not suffer actual injury caused by Turco, who was not appointed to his position as the commissioner of the DOC until April, 2016. (#40 at 6-7.)

A.  <u>Access to the Courts</u>.

Access to the courts is a federal constitutional right that "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds, Lewis v. Casey*, 518 U.S. 343 (1996) (emphasis added). In *Bounds*, the Court "noted that while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here . . . does not foreclose alternative means to achieve that goal." *Id.* at 830. Inmates who are housed out of state and are refused legal materials from the state in which they were convicted are not denied their constitutional right of access to the courts if they are provided with legal assistance. *Blake v. Berman*, 877 F.2d 145, 148 (1st Cir. 1989) (holding that a Massachusetts state prisoner confined in a Kansas prison was not denied access to the courts, despite his lack of access to Massachusetts legal materials, because he had access to a law school clinical program); *Piggott v. Dennehy*, Civ. A. No. 05cv10702-NG, 2008 WL 2246652, at *5 (D. Mass. May 29, 2008) ("the due process right of access to the courts is adequately safeguarded when the prisoner is receiving adequate assistance from a lawyer; he need not also have access to an adequate law library"); *Hannon v. Allen*, 241 F. Supp. 2d 71, 77 (D. Mass. 2003) ("If it is less expensive and more efficient to provide out-of-state prisoners with legal assistance rather than legal materials, prison authorities are free to meet their responsibilities in this fashion"); *Harris v. Comm'r of Corr.*, 409 Mass 472, 480 (1991) (holding that lack of access to the courts could not be proven solely by lack of access to Massachusetts legal materials because the out-of-state prisoner did not allege he was also denied legal assistance from persons trained in the law).

Plaintiff alleges he requested repeatedly Massachusetts legal materials, case law, and court rules from the DOC and that his requests were refused. (#11 at 3-6.) However, he does not allege that he was denied access to counsel or legal assistance. *Cf. Messere v. Fair*, 752 F. Supp. 48, 49-50 (D. Mass. 1990) (finding a plaintiff who alleged lack of access to state legal materials *and* that he was denied appointment of counsel was denied access to the courts). Here, plaintiff was represented by counsel in his underlying criminal case, *see Diaz*, 448 Mass. at 287, and was represented by counsel on appeal, where he claimed ineffective assistance of counsel at the trial level.  The SJC, denying the appeal, held that plaintiff's trial counsel had been effective. *See id.* at 289.

Plaintiff contends that there exists a potential conflict of interest with respect to his counsel, but alleges no facts that would make it facially plausible that he was denied adequate legal assistance. *See Ashcroft*, 556 U.S. at 678; *Bounds*, 430 U.S. at 828; *Hannon*, 241 F. Supp. 2d at 77-78. It is unclear from the amended complaint whether Diaz is concerned with a potential conflict of interest with his trial or appellate attorney. To the extent Diaz asserts a conflict of interest with his trial attorney, he fails to allege his appellate attorney was inadequate to assist him in pursuing such a claim on appeal. If Diaz is alleging a conflict of interest with his appellate attorney, he fails to assert that he was denied access to both counsel and legal materials. Moreover, Diaz fails to allege that the potential conflict of interest hindered his ability to bring a non-frivolous claim. Such bald allegations must fail. *See Hannon v. Beard*, 979 F. Supp. 2d 136, 140 (D. Mass. 2013) (holding that plaintiffs did not plead facts "sufficient to demonstrate that defendants actually impeded or frustrated a non-frivolous claim" because "[m]ost of the complaints [made] general allegations that a case or claim was or could be affected by the defendants' actions that [fell] short of what Fed. R. Civ. P. 8 requires").

B. <u>Actual Injury Caused by Lack of Access to the Courts</u>.

Apart from alleging he was denied access to both legal materials and adequate legal assistance, which plaintiff failed to do, plaintiff must show "actual injury" by going "one step further and demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Piggott*, 2008 WL 2246652, at *5. Plaintiff must "'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Hannon*, 241 F. Supp. 2d at 74 (quoting *Lewis*, 518 U.S. at 353).

Plaintiff alleges the injury that resulted from the refusal to provide him with Massachusetts legal materials is that he was subject to his appellate counsel's decision to bring his ineffective assistance claim on direct appeal, rather than moving for a new trial. (#11 at 4.) In its denial of Diaz's appeal, the SJC explained that an ineffective assistance claim is in its "'weakest form'" when brought on direct appeal because "'it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight.'" *Diaz*, 448 Mass. at 289 (quoting *Commonwealth v. Peloquin*, 437 Mass. 204, 210 n. 5 (2002)); (#11 at 4.) The SJC went on to explain that "[i]n most instances, the record on direct appeal is inadequate to consider the claim; therefore . . . this court . . . normally do[es] not entertain ineffective assistance claims on direct appeal." *Diaz*, 448 Mass. at 289. However, the SJC found that Diaz's claim met the "narrow exception" to this general presumption because its factual basis "appear[ed] indisputably on the trial record." *Id.* (internal citation and quotation

marks omitted). Accordingly, plaintiff fails to establish any injury because the SJC fully

considered and ruled on his claim, holding that his trial counsel was effective.[3] *See id.*

### C. Turco's Connection to the Alleged Violation.

Turco was appointed as Commissioner of the DOC in April, 2016. *See Janosky v. Mass.*

*P'ship for Corr. Health, et al.*, No. 15-CV-12929-IT, 2017 WL 1164490 (#75 at 1 n. 1) (D.

Mass. Mar. 28, 2017); *see also id.* (#66 at 1 n. 1).[4] Plaintiff contends that the Commissioner of

the DOC understands that the DOC has the constitutional duty to provide inmates access to the

courts. (#11 at 3.) However, plaintiff fails to allege any particularized facts against Turco in

regard to Diaz's denial of access to the courts. The only allegation in the amended complaint that

temporally connects plaintiff's claims to Turco in his capacity as the Commissioner of the DOC

is that Diaz has attempted "till this day" to obtain Massachusetts legal materials, i.e., that

plaintiff was denied materials while Turco held his position. *See* #11 at 4. This single allegation

is not enough to establish liability. There are no allegations against Turco in his individual

capacity.[5] The only allegations are those against him in his role as Commissioner of the DOC,

---

[3] Plaintiff also fails to show actual injury resulting from his conflict of interest claim because he does not allege facts to support that contention and has not demonstrated that he was hindered from bringing a non-frivolous claim due to any conflict of interest. *See supra* pp. 5-6.

[4] Courts are entitled to take judicial notice of records in other relevant cases. *U.S. v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005).

[5] This case presents a unique scenario. The claims against the DOC as a named defendant were deemed to have been withdrawn. (#15 at 3.) However, throughout the amended complaint, plaintiff fails to allege wrongdoing on the part of any specific individual and merely asserts that the DOC or "department" is the entity that refused to provide him with legal materials. *See* #11. While Turco is named as a defendant, it must be in his official capacity as the Commissioner of the DOC; in other words, Diaz is suing the DOC. "In addition to barring suits against the DOC itself, the Eleventh Amendment also shields state officials from being sued for damages in their official capacities." *Sepulveda v. UMass Corr. Health Care*, 160 F. Supp. 3d 371, 396 (D. Mass. 2016)(citing *Redondo–Borges v. U.S. Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 7 (1st Cir. 2005)); *Riley v. O'Brien*, No. CV 16-11064-LTS, 2016 WL 8679258, at *13 (D. Mass. Sept. 2, 2016) ("The Eleventh Amendment [. . .] extends to confer immunity from suit upon state officials when 'the state is the real substantial party in interest,' that is, when 'the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration. . . .'") (quoting *Pennhurst*

which are insufficient in the context of § 1983. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)). Even if plaintiff successfully alleged that he was deprived of adequate legal assistance as well as Massachusetts legal materials, he has not alleged sufficient facts to demonstrate that Turco participated individually in the deprivation of Diaz's rights or that Turco, as commissioner, had knowledge of such conduct.[6] *See Bounds*, 430 U.S. at 828; *Velez-Rivera*, 437 F.3d at 156.

## V. Conclusion.

For all of the reasons stated, I RECOMMEND that Defendant Turco's Motion to Dismiss (#39) be ALLOWED.

## VI. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs*., 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702

---

*State Sch. & Hosp.*, 465 U.S. 89, 101-102, n. 11 (1984)). Thus, any claim for monetary damages by Diaz is barred by sovereign immunity.

[6] Diaz has not alleged adequately a claim of supervisory liability under § 1983. *See Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014).

F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge

July 26, 2017